**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NIKKI POOSHS,<br><br>                Plaintiff,<br><br> and<br><br>GILBERT L. PURCELL, Counsel for<br>plaintiff Nikki Pooshs,<br><br>                Appellant,<br><br>  v.<br><br>PHILIP MORRIS USA, INC. and R.J.<br>REYNOLDS TOBACCO COMPANY,<br><br>                Defendants. | No.   16-15429<br><br>D.C. No. 4:04-cv-01221-PJH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Submitted November 13, 2018**
San Francisco, California

---

     *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, GRABER, Circuit Judge, and KOBAYASHI,[**] District Judge.

Plaintiff Nikki Pooshs's counsel, Appellant Gilbert L. Purcell appeals from the district judge's March 7, 2016 Order Imposing Sanctions on Plaintiff's Counsel for Misconduct During Trial ("Sanctions Order"). The sole issue on appeal is whether Appellant's procedural due process rights were violated. Because a district judge's imposition of sanctions under its inherent authority is a discretionary decision, we will reverse only where there was an error of law or a clearly erroneous factual determination. We review *de novo* the question of whether Appellant was afforded due process before the issuance of the Sanctions Order. Lasar v. Ford Motor Co., 399 F.3d 1101, 1109 (9th Cir. 2005).

Due process required that Appellant receive the following before the district court imposed a monetary sanction against him: 1) notice of the grounds for the sanction and the potential type of sanctions that may be imposed; and 2) an opportunity to be heard. Id. at 1109-10. The district court repeatedly warned Appellant during the trial that he was violating prior district court orders. Appellant had ample opportunity to stop violating the orders, but chose not to do so. In addition, Appellant was verbally warned during the trial that his continued

---

[***]     The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

2

violations would result in sanctions, specifically, that his continued violations would result in monetary sanctions and a referral to the state bar association.

Although the court did not hold a hearing before it imposed sanctions against Appellant, the court was not required to hold one. See Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000) (stating that "an opportunity to be heard does not require an oral or evidentiary hearing on the issue" of attorney discipline (citation omitted)). Appellant had ample time to brief the sanctions issue before the district court filed the Sanctions Order, but chose not to do so. Approximately one month elapsed between the district court's verbal warning about the imposition of sanctions and the filing of the Sanctions Order. Thus, Appellant had a sufficient opportunity to be heard. See id. ("The opportunity to brief the issue fully satisfies due process requirements." (citation omitted)).

We therefore hold that the district court's imposition of sanctions against Appellant did not violate his right to due process.

**AFFIRMED.**